**UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| AVON TWITTY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) 2:10-cv-059-WTL-TAB |
| | ) |
| CHARLES LOCKETT, et al., | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Motion to Reconsider**

This action in which Avon Twitty sought a writ of habeas corpus was dismissed for lack of jurisdiction based on the court's finding that the action was moot. The finding of mootness was based on Twitty's release from custody on parole, which is the relief he was seeking. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). A court lacks jurisdiction over a claim which is moot. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), cert. denied, 117 S. Ct. 1556 (1997).

Judgment was entered on the clerk's docket on March 23, 2011. The entry of judgment was followed by Twitty's request to be supplied with a copy of the docket sheet. That request was granted, following which Twitty filed a motion to reconsider, which is addressed in this Entry.

The date a post-judgment motion is filed is significant. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). So too, of course, is the content of such motion. Given both the timing and the content of the motion to reconsider, the motion is treated as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure depends on the substance of the motion, not solely on the timing or label affixed to it).

The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion: newly discovered evidence, an intervening change in the law, and manifest error of law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). None of these circumstances are established in the motion to reconsider. "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (internal citations omitted). The dismissal of this action was not based upon a finding that the petitioner no longer satisfied the "in custody" requirement of the federal habeas statute, and the petitioner's suggestion otherwise shows a misunderstanding of the court's ruling. It does appear that the petitioner did not receive the Entry of February 16, 2011, but this circumstance has not been linked to any prejudice to him. *See In re Bartle*, 560 F.3d 724, 730 (7th Cir. 2009) (Rule 61 of the Federal Rules of Civil Procedure dictates that error in giving notice to a party is to be disregarded if it does not affect a party's substantive rights).

The petitioner's motion for reconsideration [27], treated as a motion to alter or amend judgment, does not identify newly discovered evidence, an intervening change in the law, or a manifest error of law, and is therefore **denied**.

**IT IS SO ORDERED.**

Date: __08/10/2011__

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Avon Twitty
1605 Kenilworth Ave NE
Washington, D.C. 20019

gerald.coraz@usdoj.gov